UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JENNIFER REYNOLDS,

      Plaintiff,

vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINE, INC.

      Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, JENNIFER REYNOLDS, by and through undersigned

counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE

LINE, INC., and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1.     This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2.     Plaintiff, JENNIFER REYNOLDS, is *sui juris*, is a resident of the state of Kentucky and

     was at all times material a fare-paying passenger.

3.     Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, INC.

     (CARNIVAL), is a foreign entity incorporated in the Republic of Panama, with its principal

     place of business in Miami, Florida.

4.     Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C.

     1332, as alleged above, because there is complete diversity of citizenship between the

     parties and the amount of damages claimed exceeds $75,000.00 which is the minimum

     jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction

     also exists pursuant to 28 U.S.C. 1333 because this is a maritime cause of action.

5.      At all times material hereto, the Defendant has conducted ongoing, substantial, and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6.      At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7.      In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.  Accordingly, venue is proper.

8.      Venue is also proper in this district because the Defendant's principal place of business is located within this district.

9.      Plaintiff has complied with all conditions precedent to filing this action.

## GENERAL ALLEGATIONS

10.     Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11.     On or about May 3, 2024, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL SUNSHINE as a result of slipping and falling on a wet and unreasonably slippery Lido Deck.

12.     On the aforesaid date, Defendant owned and/or operated the CARNIVAL SUNSHINE.

13.     At all times material Plaintiff acted with due care for her own safety.

## COUNT I-NEGLIGENCE

14.     Plaintiff reavers and realleges paragraphs One through Thirteen as if set forth herein.

15.     On or about May 3, 2024, Plaintiff was an adult fare-paying passenger on Defendant's vessel SUNSHINE.

16.    Plaintiff suffered serious and permanent injuries when she slipped and fell while walking on the Lido Deck of CARNIVAL SUNSHINE.

17.    The Lido Deck is found on every CARNIVAL ship.  Passengers can find bars and restaurants and pools and hot tubs and other forms of entertainment and dining on the Lido Deck.

18.    Passengers continuously track water onto the Lido Deck as they exit pools and hot tubs and walk to restaurants and shops and to elevators to get back to their cabins or go to other parts of the ship.

20.    CARNIVAL knows the deck is slippery when wet.  There have been over two dozen prior lawsuits filed in the District Court alleging slip and fall type injuries on wet Lido Decks across the fleet.  As a result of the many slips and falls suffered by passengers on CARNIVAL Lido Decks, CARNIVAL routinely mops the general area where Plaintiff slipped and fell.

21.    Wet flooring is not an open and obvious condition.  Water that is clear blends into the deck surface making it difficult to discern.

22.    In addition, contaminants like grease from cooking hamburgers form particles in the air over grills that settle on Lido Deck floor surfaces making these surfaces unreasonably slippery when wet.  Because these contaminants are falling on the Lido Deck and because of the water being tracked on to the Lido Deck from various sources as well as spills from food courts and restaurants, the crew is always mopping the Lido Deck to try and keep it clean and dry.

23.    Plaintiff was approximately six feet from Guy's Burgers on the Lido Deck when she slipped and fell in a large puddle of water which she estimates to have been at least two

feet by four feet in diameter.

24.     The puddle was large enough that it should have been seen by the many CARNIVAL cleaners who were present on the Lido Deck at the time.

25.     In addition, Plaintiff was approximately only eight feet or so from one of the pools on the Lido Deck making it likely that water had been tracked in from the pool by other passengers.

26.     Plaintiff's clothes were wet from the incident.  The side of her shorts were soaked and the shirt she was wearing was also wet.

27.     The Lido Deck location where Plaintiff slipped and fell was wet and unreasonably slippery when wet for a number of reasons to be shown in discovery such as water tracked in from a nearby swimming pool or greasy contaminants on the deck from Guy's Burgers or water left behind by a cleaner mopping the floor or even passengers spilling drinks on the deck.

28.     As a result, the wet and slippery floor was a condition that Defendant knew or should have known about using reasonable care in the circumstances.

29.     Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

a.      Failing to keep the Lido Deck clean and dry, and/or;

b.      Failing to properly maintain the Lido Deck in a reasonably safe condition, and/or;

c.      Failing to properly and safely train the ship's crew including cleaners and cabin stewards to maintain the Lido Deck, in a reasonably safe condition, and/or;

d.      Failing to have grease traps or fans or other equipment which would prevent greasy contaminants from falling on the Lido Deck, and/or;

e.      Failing to properly supervise cleaners on the Lido Deck, and/or;

f.      Failing to have a floor surface on the Lido Deck which was not unreasonably slippery when wet, and/or;

g.      Such other acts of negligence that may be gleaned from discovery.

30.     At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains, and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions, and/or Defendant had actual knowledge of the dangerous conditions.

31.     As a result of the foregoing, the Plaintiff was seriously injured in and about her body when she was caused to slip and fall on the Lido Deck in a puddle of water.  As a result of her injuries, Plaintiff has suffered pain, mental and emotional distress, and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of earning capacity and a loss of the enjoyment and value of the cruise.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

<u>COUNT II- NEGLIGENT DESIGN AND CONSTRUCTION</u>

32.     Plaintiff reavers and realleges Paragraphs 1-13 as if set forth herein.

33.     Defendant CARNIVAL actively participated in the design and construction of CARNIVAL SUNSHINE. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the deck where Plaintiff suffered an injury.

34.   Defendant contracted with design firms to design and construct the steps where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction, and materials used on the deck where Plaintiff was severely injured.

35.   Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design a Lido Deck floor surface which was and is reasonably safe in the circumstances.

36.   Defendant knew or should have known through the exercise of reasonable care in the circumstances that the deck when wet posed an unreasonable hazard.

37.   After installation, Defendant either became aware or should have become aware that the poor design, construction, and/or maintenance of the Lido Deck bed created a danger to passengers like Plaintiff. CARNIVAL should have changed the design and/or construction of the flooring on the Lido Deck so as to eliminate the unreasonably slipperiness of the floor or deck when wet.

38.   Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

a.   Failing to properly design the flooring on the Lido Deck, and/or

b.   Failing to specify a safe floor surface in the design, construction, inspection and approval process during and after design and construction of the ship which were reasonably safe in the circumstances, and/or

d.   Choosing and approving a floor surface which was not reasonably safe in the circumstances, and/or;

e.       Designing and/or constructing a floor surface with insufficient slip resistance, and/or;

f.       Such other negligent design and/or construction that may be gleaned in discovery.

39.     As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities, and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

<u>COUNT III-NEGLIGENT FAILURE TO WARN</u>

40.     Plaintiff reavers and realleges Paragraphs 1-13 as if set forth herein.

41.     The Plaintiff was seriously injured when she was caused to slip and fall on an unreasonably slippery floor on the Lido Deck.

42.     Defendant was aware or should have been aware through the exercise of reasonable care in the circumstances of the unreasonable danger posed by the Lido Deck prior to the Plaintiff's incident however, Defendant failed to warn Plaintiff of that danger.

43.     At all times material, Plaintiff was acting with due care for her own safety.

44.     The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that the deck was wet and was unreasonably slippery when wet.

45.     As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and

about her body and extremities, and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered, suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

DATED this 4th  day of April, 2025.

HOFFMAN LAW FIRM
PAUL M. HOFFMAN, ESQ.
2881 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-5040

*/s//Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN
Florida Bar No:  0279897